UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Duron W. Henton,

        Petitioner,

v.

United States of America,

        Respondent.

Case No. 02-cr-80891
Honorable Victoria A. Roberts

**ORDER DENYING PETITION FOR WRIT OF ERROR *CORAM NOBIS***

Before the Court is Duron W. Henton's ("Henton") Petition for Writ of Error *Coram Nobis*. For the reasons explained, the Court **DENIES** the petition.

**BACKGROUND**

On October 23, 2003, Henton pled guilty to: (1) possession with intent to distribute marijuana and cocaine, and (2) possession of a firearm. The Court sentenced Henton to forty months in prison and three years of supervisory release.

In 2013, Henton pled guilty to: (1) conspiracy to distribute more than 100 grams of heroin, and (2) possession with intent to distribute heroin. Then, Henton received a 210-month sentence.

1

Henton is now a *pro se* prisoner and files this petition under 28 U.S.C. § 1651. He alleges that on March 26, 2003, Magistrate Judge Steven D. Pepe improperly withdrew his four pretrial motions *sua sponte*; he also claims that the Government failed to comply with discovery obligations. Henton requests the Court to vacate his 2003 plea and convictions.

The Government argues that Henton provides no evidence of a fundamental flaw that should alter the result of his 2003 conviction. The Court agrees.

## **WRIT OF *CORAM NOBIS* LEGAL STANDARD**

The writ of *coram nobis* was originally meant to "correct errors of fact unknown to the court at the time of the judgment . . . ." *United States v. Morgan*, 346 U.S. 502, 516 (1954). Courts should grant ". . . this extraordinary remedy only under circumstances compelling such action to achieve justice." *Id.* at 511. Courts may not issue this remedy when alternative remedies are available. *United States v. Denedo*, 556 U.S. 904, 911 (2009).

*Coram nobis* relief is granted if the petitioner can show three elements: (1) an error of fact; (2) unknown at the time of trial; (3) of a

fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citing *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996)).

Petitioners must also show an "ongoing civil disability." *United States v. Waters*, 770 F.3d 1146, 1147 (6th Cir. 2014) (citing *United States v. Bush*, 888 F.2d 1145, 1146-47 (7th Cir. 1989); *United States v. Keane*, 852 F.2d 199, 202-03 (7th Cir. 1988)). Civil disabilities "include loss of the rights to vote, hold occupational licenses (including law licenses), and bear arms; criminal convictions also may lead to enhanced penalties for future offenses." *Keane*, 852 F.2d at 203.

## ANALYSIS

### I. MAGISTRATE JUDGE DID NOT ACT *SUA SPONTE*

On March 26, 2003, Deputy Federal Defender, David C. Tholen ("Tholen") sent a letter to Magistrate Judge Pepe to withdraw Henton's pretrial motions: (1) Motion for Discovery and Inspection, (2) Motion for Notice of 404(b) Evidence, (3) Motion for Disclosure of *Brady* Materials, and (4) Motion for Leave to File Additional Motions. (ECF No. 57,

3

PageID.183). Tholen served as Henton's attorney. Magistrate Judge Pepe granted the request.

Henton alleges that he never prepared or sent a withdrawal letter to the Court. He says the withdrawal constitutes involuntary dismissal.

The record indicates that Magistrate Judge Pepe withdrew the pretrial motions pursuant to Henton's attorney's letter. This was neither an error of fact nor a *sua sponte* act by the Magistrate Judge.

## II. THERE IS NO *BRADY* VIOLATION

*Brady* violations occur when the prosecution fails to disclose favorable evidence to the defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). There must be ". . . reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984); *Stricker v. Greene*, 527 U.S. 263, 280-81 (1999).

Henton argues the Government failed to comply with discovery obligations under *Brady*. He says this prevented him from preparing a pretrial Motion to Suppress Evidence.

4

The Government argues that while Henton did challenge the search warrant, he waived non-jurisdictional defects by ultimately pleading guilty. *United States v. Pickett*, 941 F.2d, 411, 416 (1991). Importantly, the Court addressed the search warrant challenge in an order denying Henton's Motion to Suppress Seized Evidence. (ECF No. 35, PageID.108).

The alleged *Brady* violation is not an error of fact.

### III. NO ONGOING CIVIL DISABILITY FROM PRIOR CONVICTIONS

Writs of Error *Coram Nobis* allow Courts to address "civil disabilities attached to criminal convictions." *Keane*, 852 F.2d at 203.

Henton argues that his 2003 convictions qualified him for sentencing as a Career Offender in 2013 (ECF No. 53, PageID.159-60). Henton says he would never have pled guilty in 2003, if he knew Magistrate Judge Pepe would withdraw his pretrial motions. He says he satisfies his obligation to demonstrate a civil disability and obtain *coram nobis* relief.

Although Henton's qualification as a Career Offender would be a civil disability, he fails establish an error of fact that would render the proceeding invalid.

5

## IV. UNREASONABLE DELAY IN SEEKING *CORAM NOBIS* RELIEF

There is no error of fact that was unknown at the time of trial (or at the time of Henton's plea) of a fundamentally unjust character. Additionally, the Court finds that Henton's delay in seeking *coram nobis* relief is unreasonable.

The Supreme Court held that petitioners of writs of *coram nobis* should provide "sound reason . . . for failure to seek appropriate earlier relief." *Morgan*, 346 U.S. at 512. Henton waited nearly fifteen years after his 2003 conviction and nine years after he completed his 2003 sentence to file this petition. Henton claims he had no way of knowing about potential errors until he obtained his Docket Sheet on March 29, 2018.

Henton's delay does not "constitute an exercise of reasonable diligence." *United States v. Nyhuis*, 40 F.App'x 80, 81 (6th Cir. 2002). *See Kerkman v. United States,* 200 F.App'x 578, 581 (6th Cir. 2006).

Henton has not met the high burden to obtain the extraordinary remedy of a writ of *coram nobis*.

## **CONCLUSION**

Henton's Petition for Writ of Error *Coram Nobis* is **DENIED**.

**IT IS ORDERED.**

                                                  s/ Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Date: 7/17/19